MARGARET E. WOODWARD *v.* SEYMOUR H. LURTY, Sheriff, et al.

A sufficient authorization for the wife to appear is shown, when she and her husband were duly cited: both filed their answer on the same day—were represented by the same counsel—and the wife, in her answer, expressly alleges that she was duly authorized to appear and defend the suit. Where a decree of court is rendered "*by reason of the consent of parties, plaintiff and defendant,*" it does not matter whether the consent was given in writing, or verbally, it will be presumed, until the contrary is made to appear, to have been given in such a way as to justify the decree.

APPEAL from the District Court, Seventh District, Parish of West Feliciana. *Roselius,* for plaintiff and appellant.   *Muse,* for defendants.

LEA, J.*   The facts connected with the litigation which is presented in this case are substantially as follows:

*Abisha Woodward,* the former tutor of the minor heirs of *Eben Woodward,* was condemned by two judgments of the Probate Court of East Feliciana to pay to his former wards, represented by *Albert* and *Maria Poole* (the defendants in the injunction) the sum of $14,202, with interest.   After these judgments had been rendered, viz: on the 14th day of December, 1843, *Woodward* conveyed to his wife (the plaintiff in this suit) a number of slaves and a tract of land, for the alleged purpose of replacing her paraphernal claims.

On the first day of March, 1844, the defendants in this suit instituted a suit against *Woodward* and his wife, for the purpose of setting aside the conveyance above referred to, on the ground of fraud and simulation, and for the purpose of subjecting the property to the payment of their judgment against *Woodward.* On the 1st May, 1844, *Mrs. Woodward* sued her husband for a separation of property, claiming as her own the property which is the subject-matter of this litigation.   In this suit *Poole* and wife intervened, opposing the claims of the wife against her husband for substantially the same reasons as were set forth in the revocatory action.

At this stage of the proceedings, on the 30th of April, 1845, a judgment recognizing the indebtedness of *Woodward,* as claimed in the revocatory action, was rendered with the following stipulations and reservations as respects *Mrs. Woodward,* as will appear from the extract:

"The plaintiffs claim a privilege and mortgage on all the immovables and slaves of the defendant, *Abisha Woodward,* to pay and satisfy said judgment. Neither party offering any evidence, the one in support of their allegations of fraud on account of which the act of sale from the defendant, *Abisha Woodward,* to his co-defendant, *Mrs. Margaret Woodward,* is sought to be annulled and set aside; nor the other, in support of their rights to have said sale confirmed ; *and by reason of the consent of parties, plaintiff and defendant.*

"It is ordered and decreed, that the said judgment of the Probate Court against said *Abisha Woodward* be affirmed, and that it operate as a privilege and mortgage on all the immovables and slaves of said defendant until the full and final payment of said judgment, subject to the credits aforesaid.   And by *reason of the consent aforesaid,* it is further decreed, that the land and negroes embraced in the act of sale, and adjudged to her in suit No. 3094, shall be subject to the

---

* MERRICK, C. J., declined sitting in this case.   In the District Court MERRICK (then) J., recused himself, having been of counsel, and the record does not show by what Judge the judgment was rendered.

payment of the aforesaid judgment; and by the consent aforesaid, it is further ordered and decreed, that the said judgment shall be payable in ten equal instalments: the first instalment thereof to fall due on the 1st day of April, A. D., 1846, the whole to bear interest at the rate of six per cent. per annum from the date of the rendition of this judgment; and by the consent aforesaid, it is further ordered and decreed, that in case the defendant shall fail to pay any of the said instalments, as the same shall fall due, then the plaintiff shall have the right to issue execution on said judgment only for the amount that may be due on said instalment or instalments at the time such execution shall issue."

Upon the judgment, of which the above is an extract, an execution was issued to enforce the payment of the fifth instalment, as provided by the judgment, by a seizure of the slaves sold by *Woodward* to his wife. For the purpose of resisting this seizure, the plaintiff in this suit has obtained an injunction, on the ground that she is not bound by the judgment rendered in the case of *Poole* v. *Woodward and wife*, for the reasons:

1st. That she was not legally made a party to said suit, not having been authorized to appear either by the court or her husband.

2d. That the debt for which execution has issued was due exclusively by her husband, and that she could not legally bind herself for his debts, if she had chosen so to do, which she denies.

3d. That she was without power to give her consent to the judgment in the suit of *Poole* v. *Woodward and wife*, and that she never did give her *written assent* thereto.

Our attention has also been directed to the fact that at the inception of this suit, *Adelaide Woodward*, who was then represented by her tutors, *Maria R. Poole* and husband, had, during the pendency of the action, intermarried with *Preston Pond, Esq.*, and that said *Pond* was not made a party to the proceedings prior to the rendition of the judgment; for which reason it is urged that the cause should be remanded for a new trial.

We find no evidence in the record that *Adelaide Woodward* is married to *Preston Pond, Esq.*, except the mere suggestion of plaintiff's counsel. Assuming it to be true, the plaintiff should not have proceeded to the trial of the case without making *Pond* a party.

She complains with a bad grace of her own neglect to bring one of the parties properly into court, especially as this very party has not been cited, or otherwise made a party to the appeal. In the absence of proof to the contrary, we will act upon the presumption *omnia rite acta* with reference to the action of the District Court.

As respects the objection that *Mrs. Woodward* was never authorized to appear, and defend her interests in the suit of *Poole and wife* v. *Woodward and wife*, we find that both she and her husband were duly cited, both filed their answers on the same day, were represented by the same counsel, and the answer of *Mrs. Woodward* expressly alleges that she was duly authorized to appear and defend the suit. We think these facts, taken together, constitute a sufficient authorization. See *Stone, syndic*, v. *Tew et al.*, 9 R. 195.; also 10 La. 574. The objection that the wife could not make herself responsible for her husband's debts is without force as applicable to a case which is brought for the express purpose of attacking a sale from a husband to his wife on the ground of fraud and simulation, and for the purpose of subjecting the property thus fraudulently sold to the payment of his debts. If she had a right in such a litigation to defend

herself, she had also a right to enter into such arrangements as her interests might require, provided they were contracted in good faith and for her own advantage.

If the alleged arrangement or consent, upon which the judgment was rendered, was intended as an evasion of the law, the plaintiff should have shown it. We find nothing in the record to justify such a conclusion. This brings us to the inquiry whether any such consent was given. The plaintiff says that "she was without capacity to give such a consent," especially as she "was neither authorized by the court nor her husband, and that she never gave her *written* consent thereto."

We have already determined that *Mrs. Woodward* was properly a party to the suit referred to, and was assisted therein by her husband. Whether she gave her written consent to the judgment which was rendered by the court is not material; it may have been given verbally and in open court. The decree itself embodies the statement that it was so rendered "by reason of the consent of parties, plaintiff and defendant." If this consent was in writing, a copy has not been furnished; but whether it was given in writing, or was given verbally, it must be presumed to have been such as to justify the action of the court until the contrary is made to appear. It is to be observed, also, that the judgment has not been appealed from.

It has been urged that in whatever aspect the case may be viewed, the plaintiff in execution should have resorted to the hypothecary action. We think the proceedings, the enforcement of which have been enjoined, have all the essential elements of this form of proceeding.

Lastly, the special damages allowed for counsel's fees, in defending the injunction suit, are complained of as excessive. The amount allowed exceeds that claimed by the defendant's themselves in their answer. We think it would have been safe in the estimate of the value of the service of counsel to have adopted as a maximum the amount fixed by themselves. In this respect the appellant is entitled to a change in the judgment in her favor.

It is therefore ordered, that the judgment appealed from be amended so as to read as follows: It is ordered, adjudged and decreed that the injunction herein granted be dissolved and set aside, and that the defendant recover of the plaintiff and her surety, *D. S. Rhea*, in solido, interest at the rate of eight per cent. per annum on the amount of the execution enjoined from the date of the injunction till the date of its dissolution, and twelve per cent. damages on the amount of the said execution, with $500 as special damages for counsel fees, with the costs of suit in the District Court; and it is further ordered, that the costs of the appeal be paid by the appellees.